## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ILLINOIS UNION INSURANCE COMPANY, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. _____ |
| NRI CONSTRUCTION INC. and JOSE ALONZO | ) ) ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Illinois Union Insurance Company ("ILU"), and files this declaratory judgment action against Defendants, NRI Construction Inc. ("NRI") and Jose Alonzo ("Alonzo") as follows:

## INTRODUCTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2202 to determine and resolve questions of actual controversy involving a commercial general liability policy issued by ILU to NRI. ILU issued Policy No. G21984267 002 for the policy period May 6, 2007, through May 6, 2008 (the "ILU Policy," attached hereto as Exhibit "A").

2. ILU seeks a declaration from this Court that it has no duty to defend, indemnify, or otherwise pay the Defendants under the ILU Policy in connection with the lawsuit or any judgment entered in the action styled *Jose Alonzo v. NRI Construction, Inc. Pennfield Apartments, Inc., BPG Properties Ltd. And C&S Painting, Inc.*, Court of Common Pleas of Montgomery County, Pennsylvania, Case No. 2010-01816 (the "Underlying Lawsuit"). ILU does not owe insurance coverage to NRI for any of the incidents described in the Underlying Lawsuit or any judgment entered therein.

## THE PARTIES

3. Plaintiff ILU is an Illinois corporation organized and existing under the laws of the State of Illinois, with its principle place of business in Chicago, Illinois.

4. Defendant NRI is a Georgia corporation with its principle place of business in Atlanta, Georgia. NRI may be served with process upon its registered agent, Avi Manoah, at 369 Stables Court, Atlanta, Georgia 30350.

5. Defendant Alonzo is an adult individual residing in Georgia. Alonzo may be served with process at his residence, 3600 Charelston Ives Drive, Lilburn, Georgia 30047.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because ILU and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.

7. At issue in this case is ILU's defense and indemnity obligations to the Defendants arising from alleged bodily injuries sustained by Jose Alonzo ("Alonzo") in the scope of his work at a construction project located in Hatfield, Pennsylvania, which is more specifically described in the Underlying Lawsuit.

8. At issue in this case is coverage under an insurance policy with limits of $1,000,000 per occurrence. Therefore, the monetary value of the object of this declaratory judgment action exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because the Defendants reside in Georgia and in this judicial district.

## FACTUAL BACKGROUND

10. NRI entered into a contract with Pennfield Manor Apartment Associates LP to act as the general contractor at a construction site located at 2701 Elroy Road, Hatfield, Pennsylvania ("the Project").

11. NRI retained C & S Painting ("C & S") as a subcontractor to conduct work including demolition work on an existing brick exterior wall.

12. On April 29, 2008, Alonzo sustained injuries when he allegedly fell from a ladder while performing work at the Project pursuant to his employment with C & S.

13. Alonzo advised David Mann, an employee of NRI, of the incident on April 29, 2008.

14. NRI learned of the incident on April 29, 2008 and completed an email report documenting the incident, including details about Alonzo, his employer and the accident.

15. On or about January 7, 2010, Alonzo filed a Complaint against NRI, Pennfield Apartments, Inc. and BPG Properties Ltd. in the Court of Common Pleas of Montgomery County, Pennsylvania, under Case Number 2010-01816.  C & S was later added as an additional defendant.  (the "Underlying Complaint", attached hereto as Exhibit "B").

16. In the Underlying Complaint, Alonzo alleged that he sustained injuries while working at the Project.  Underlying Complaint, ¶ 7-18.

17. The Underlying Complaint contained causes of action against NRI for negligence.  Underlying Complaint, ¶ 24.

18. NRI did not provide ILU with notice of the occurrence at issue until February 8, 2010.

19. ILU issued a reservation of rights letter to NRI dated February 19, 2010, whereby ILU agreed to participate in the defense of NRI while it investigated the claim. A copy of the February 19, 2010 reservation of rights letter is attached hereto as Exhibit "C."

20. ILU agreed, under a reservation of rights, to retain the firm of Campbell, Campbell, Edwards and Conroy to defend NRI in the Underlying Lawsuit. NRI accepted and never objected to this representation.

21. ILU now seeks a ruling from this Court that (a) there is no coverage under the ILU Policy for the claims in the Underlying Lawsuit; (b) and that, therefore, ILU has no obligation to defend, indemnify, or otherwise pay any defendant or plaintiff in connection with the allegations of that suit.

**RELEVANT PROVISIONS OF THE POLICY**

22. The Insuring Agreement in Coverage A of the Policy provides, in relevant part, as follows:

**CG 00 01 (10/01)**

**COMMERCIAL GENERAL LIABILITY
COVERAGE FORM**

\*   \*   \*

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    \*   \*   \*

    **b.** This insurance applies to "bodily injury" or "property damage" only if:
    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    \*   \*   \*

    (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence"

        or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" had occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.**    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by the insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or begun to occur.

\*   \*   \*

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\*   \*   \*

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:

      (1)    Immediately record the specifics of the claim or "suit" and the date received; and

      (2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

      (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2)    Authorize us to obtain records and other information;

      (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

\*   \*   \*

**SECTION V – DEFINITIONS**

\*   \*   \*

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

      \*      \*      \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

      \*      \*      \*

## COUNT ONE: DECLARATORY JUDGMENT

23. ILU incorporates herein by reference each of the allegations contained in Paragraphs 1 through 22 above.

24. ILU is not obligated to defend or indemnify NRI for the claims asserted against it or any judgment entered against it in the Underlying Lawsuit, because NRI failed to comply with the notice provisions of the ILU Policy.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Illinois Union Insurance Company requests that judgment be entered in this action:

A. Declaring that NRI Construction, Inc. and Alonzo are not entitled to coverage under the ILU Policy for the claims asserted in the Underlying Lawsuit;

B. Declaring that ILU has no duty to defend, indemnify, or otherwise pay NRI Construction, Inc. or Alonzo in connection with the Underlying Lawsuit;

C. Awarding ILU reimbursement from NRI of all costs paid by ILU in connection with the defense of NRI in the Underlying Lawsuit;

D. Awarding ILU its costs, attorneys fees and disbursements; and

E. Declaring that ILU is entitled to further relief as may be necessary and proper.

Respectfully submitted this 2nd day of August, 2010.

                    ***/s/ Kenan Loomis***
                    Kenan Loomis
                    Georgia Bar No. 457865
                    Cozen O'Connor
                    Suite 2200, SunTrust Plaza
                    303 Peachtree Street, NE
                    Atlanta, GA  30308-3264
                    (404) 572-2000 (Telephone)
                    (404) 572-2199 (Facsimile)
                    E-mail: kloomis@cozen.com

                    Attorney for Plaintiff
                    Illinois Union Insurance Company

CERTIFICATION: The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font with a 1.5 inch top margin in accordance with LR 5.1B, N.D. Ga.